UNITED STATES DISTRICT COURT
as and for the
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2020 MAR -3 PM 12: 53
CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| SUSAN WHEELER,<br>    Plaintiff<br>v.<br>HEI, HOSPITALITY, LLC,<br>BENCHMARK HOSPITALITY, INC.,<br>CAREY WATERMARK INVESTORS, INC.,<br>and MARTIN ROSENTHAL,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No. 5:20-cv-28 |

## COMPLAINT AND JURY REQUEST

NOW COMES SUSAN WHEELER, by and through her attorneys, Cleary, Shahi & Aicher, P.C., and she makes this complaint against HEI, HOSPITALITY, LLC, BENCHMARK HOSPITALITY, INC., CAREY WATERMARK INVESTORS, INC., and MARTIN ROSENTHAL; and a jury request, for harm caused by wrongful termination as follows:

### INTRODUCTION

1. This is an action brought under (a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. 42 U.S.C. § 2000e-2(a) (2006), for gender discrimination; (b) Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., as amended; and, (c) the Vermont Fair Employment Practices Act 21 V.S.A. 495, for employment discrimination based upon age. Plaintiff seeks appropriate injunctive and/or monetary relief to redress the wrongs which are described here.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action by virtue of federal

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

question jurisdiction pursuant to 28 U.S.C. § 1331, specifically Plaintiff's claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, 623 et seq., as conferred on this Court by 29 U.S.C. § 626(c) as amended by the Civil Rights Act of 1991, 42 U.S.S. § 198 la, et seq., and Title VII.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 626, 42 U.S.C. § 2000e-5(f) and the Court's inherent supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Plaintiff claims that Defendants have violated Vermont's Age Discrimination Statute 21 V.S.A. 495.

5. Injunctive and declaratory relief, monetary relief, including but not limited to past and future economic loss, compensatory and punitive damages, disbursements, costs and attorneys' fees for violation of rights, is sought under 29 U.S.C. § 626(b), 28 U.S.C. §§ 2201, 2202, Federal Rules of Civil Procedure, Rule 19, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 198 la, 1983, 2000e, et seq.

6. Venue is proper in the District of Vermont pursuant to 28 U.S.C. § 1391(b) and 20 U.S.C. § 2000e-5(f)(3) in that all acts relevant to this suit occurred in this judicial district.

7. Subject matter jurisdiction is conferred on this Court pursuant to 29 U.S.C. § 626(c) as amended by the Civil Rights Act of 1991, 42, U.S.C. § 1981A et seq.

8. Specifically, the Plaintiff alleges that the Defendants wantonly, willfully, recklessly, knowingly and purposefully, acting individually and in concert with each other, sought to deprive Plaintiff of employment, position, title and pay through

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

-2-

discrimination based upon gender and age.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Prior to filing this action, on or about January 20, 2020, plaintiff timely filed written Charges of Discrimination against defendants HEI, Benchmark and Carey Watermark with the Equal Employment Opportunity Commission ("EEOC").

10. In that Charge of Discrimination, Plaintiff alleged that the Defendants discriminated against her based upon her gender and age.

11. On February 4, 2020, the EEOC issued "Right to Sue Letters" to Plaintiff advising her of her right to file an action against defendants HEI, Benchmark and Carey Watermark within 90 days of his receipt of the notice.

12. Plaintiff has filed this complaint within the time prescribed by law after receiving the "Right to Sue Letter".

## PARTIES

13. Plaintiff at all times described in this Complaint has been and still is a resident of the State of Vermont.

14. Defendant HEI Hospitality, LLC, ("HEI"), is a foreign limited liability company which exists pursuant to the laws of the State of Connecticut, with sufficient contacts to the State of Vermont.

15. Defendant Benchmark Hospitality, Inc., ("Benchmark"), is a foreign limited liability company which exists pursuant to the laws of the State of Texas, with sufficient contacts to the State of Vermont.

16. Defendant Carey Watermark Investors, Inc., ("Carey Watermark"), is a

foreign limited liability company which exists pursuant to the laws of the State of New York, with sufficient contacts to the State of Vermont.

17. Defendant Martin Rosenthal, ("Rosenthal"), is an individual who resides in the State of Vermont who is currently employed by Benchmark and was previously employed by HEI.

18. Defendants HEI, Benchmark and Carey Watermark are engaged in activity and/or industry affecting commerce and had and still has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

19. At all times relevant herein, Defendants HEI, Benchmark and Carey Watermark were "employers", as defined by 29 U.S.C. § 630(b), 42 U.S.C. § 2000e(g)(h) and 21 V.S.A. 495d(l) of the Vermont State Law.

20. At all times relevant herein, plaintiff was an "employee" as defined by 9 U.S.C. § 630(f) and 21 V.S.A. § 495d(2).

FACTS

21. Plaintiff Susan Wheeler was born on March 7, 1951 and she is currently 68 years old.

22. Plaintiff Susan Wheeler began her employment as Spa Director at the Equinox Hotel ("the Hotel"), in Manchester Vermont in 1992 and had worked there continuously in that position for thirty-two (32) years until her termination on December 17, 2019.

23. During her thirty-two year tenure as Spa Director, Plaintiff was employed

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

-4-

by various management companies hired by various owners of the Hotel.

24. During her thirty-two year tenure as Spa Director, Plaintiff was an exemplary employee, whose service and dedication to the Spa was universally recognized by owners, management, fellow employees and spa customers.

25. At all times hereinafter mentioned, Carey Watermark was the owner of the Hotel and Spa.

26. Benchmark is the current management company of the hotel, having taken over management of the Hotel on or about December 17, 2019.

27. HEI is the immediate former management company of the Hotel, having ended its management of the Hotel on or about December 17, 2019.

28. Rosenthal has been the general manager of the hotel since October of 2018 and was Plaintiff's direct supervisor during that period.

29. In July of 2019, HEI's management and Rosenthal engaged in not-so-veiled actions taken to push Plaintiff out as Spa Director, despite her continuous and ongoing exemplary service. This included trumped-up charges related to annual audits and reporting, all of which were determined to be without merit.

30. In October of 2019, HEI posted a job position on a hiring site for "Club Director" at the Hotel. This was an entirely new job title at the Hotel and Plaintiff had not been notified of the posting.

31. Although the description of "responsibilities" on the job posting purported to involve general management at the hotel, it was clear to Plaintiff that these responsibilities very much mirrored her responsibilities as Spa Director. This posting was

an obvious hint to Plaintiff that HEI was initiating pretext for my termination by creating this new position which potentially involved eliminating my position as Spa Director.

32. In response to this job posting, Plaintiff made an inquiry to Rosenthal as to how this new position would affect her position as Spa Director. Rosenthal advised Plaintiff that the new position "had nothing to do with [her]."

33. In December of 2019, an announcement was made that Benchmark was being hired to replace HEI at the Hotel, effective as of December 17, 2019.

34. The "onboarding" of the hotel's managers and directors to Benchmark was scheduled for December 11. When Plaintiff appeared for that event, she was greeted by Stephen Cullen (Benchmark), Rosenthal, and Shawna King (Director of Human Resources). She was then directed to a private room down the hall whereupon Rosenthal advised her that her job position as Spa Director was being eliminated effective December 31, 2019.

35. Although Plaintiff was initially advised that her employment would continue through December 31st and into the transition period with Benchmark, she was subsequently advised by Benchmark that her last day of employment would be December 17, 2019.

36. Prior to Plaintiff's termination, HEI hired its purported "Club Director," Robert Aubin, ("Aubin"), a male who, upon information and belief, is fifty-two (52) years of age -- seventeen years younger than Plaintiff.

37. While away on a short vacation subsequent to being advised on December 11th that her position was being terminated, Aubin took up residence in Plaintiff's office

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

at the Spa.

38.  Aubin has no prior experience in spa management.

39.  The Equinox Spa is one of only a limited number of luxury spas in the United States.

40.  Virtually every luxury spa in the U.S. is run by a qualified Spa Director.

41.  HEI's decision to eliminate the position of Spa Director at the Equinox Hotel was pretext for its discriminatory termination of my employment.

42.  HEI and Benchmark collaborated in effecting this termination.

43.  Upon information and belief, Carey Watermark was fully aware of this situation and complicit in the discriminatory termination.

44.  Age was a motivating factor in Defendants' decision to terminate Plaintiff.

45.  Despite her thirty-two (32) years of service as Spa Director, Plaintiff was offered no severance pay upon her termination.

46.  As a result of the unlawful termination, Plaintiff has suffered lost wages and lost benefits.

47.  As a result of Defendants' actions, Plaintiff has been severely damaged physically and emotionally. Plaintiff has developed anger, frustration, loss of self-esteem, embarrassment, anxiety, and emotional stress.

48.  Plaintiff has also incurred attorney's fees.

49.  By reason of the foregoing, Plaintiff has become entitled to appropriate injunctive relief, compensatory damages, punitive damages, attorneys' fees, and costs and disbursements in an amount to be determined by a jury at trial.

## COUNT 1
### AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621, et seq. ("ADEA") DEFENDANTS HEI, BENCHMARK AND CAREY WATERMARK

50. The foregoing paragraphs are incorporated by reference.

51. Plaintiff submits that Defendants' actions constitute a willful violation of 29 U.S.C. § 623, inasmuch as Defendants actions were based in whole or in part upon Plaintiff's age.

52. Defendants and its employees treated Plaintiff differently from other employees on account of her age and discriminated against her in purporting to eliminate the position of Spa Director, terminating her, and replacing her with a younger worker.

53. Defendants' actions have denied her equal terms, conditions and privileges of employment because of her age.

54. But for the Defendants' improper consideration of age, Plaintiff would still be working as Spa Director at the Hotel.

55. Plaintiff is sixty-eight (68) years old.

56. Plaintiff was replaced by a worker who, upon information and belief, is fifty-two (52) years of age -- seventeen years younger than Plaintiff.

57. Because of this termination, Plaintiff has lost earnings and benefits.

58. Because of the discrimination, Plaintiff has suffered physical and emotional harm. She has anxiety and emotional stress. She has suffered embarrassment, humiliation and damage to her reputation. Her confidence and self-esteem have declined.

59. Therefore, Plaintiff seeks appropriate injunctive relief, compensatory

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

damages, liquidated damages, punitive damages, attorneys' fees, and costs and disbursements in an amount to be determined by the jury and court.

COUNT 2
AGE DISCRIMINATION IN VIOLATION OF THE VERMONT
FAIR EMPLOYMENT PRACTICES ACT, 21 V.S.A. 495(a)
DEFENDANTS HEI, BENCHMARK, CAREY WATERMARK AND ROSENTHAL

60.     The foregoing paragraphs are incorporated by reference.

61.     Plaintiff submits that defendants' actions constitute a willful violation of 21 V.S.A. § 495(a), inasmuch as defendants' actions were based in whole or in part upon Plaintiff's age.

62.     Defendants and their employees treated Plaintiff differently from other employees on account of her age and discriminated against her in creating the pretext of eliminating the Spa Director position, terminating her employment and replacing her with a younger worker.

63.     Defendants' actions have denied Plaintiff equal terms, conditions and privileges of employment because of her age.

64.     But for the Defendants' improper consideration of age, Plaintiff would still be employed as Spa Director at the Hotel.

65.     Plaintiff is sixty-eight (68) years old.

66.     Plaintiff was replaced by a worker who, upon information and belief, is fifty-two (52) years of age -- seventeen years younger than Plaintiff.

67.     The unlawful termination has caused Plaintiff to lose earnings and benefits.

68. Because of the discrimination, Plaintiff has suffered physical and emotional harm. She has anxiety, and emotional stress. She has suffered embarrassment, humiliation and damage to hers reputation. Her confidence and self-esteem have declined.

69. Therefore, Plaintiff seeks appropriate injunctive relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees, and costs and disbursements in an amount to be determined by the jury and court.

## COUNT 3
UNLAWFUL SEX DISCRIMINATION TITLE VII 42 U.S.C. §2000e et seq.
DEFENDANTS HEI, BENCHMARK AND CAREY WATERMARK

70. The foregoing paragraphs are incorporated by reference.

71. Plaintiff was discriminated against in the workplace because of her sex.

72. Plaintiff was denied economic benefit because of her gender under the pretext that her job was being eliminated.

73. Plaintiff was terminated so that a male could be hired to ostensibly take over her job functions.

74. The Defendants' claim that the position of Spa Director was being eliminated and her resulting termination was a pretext for unlawful discrimination.

75. The unlawful termination has caused Plaintiff to lose earnings and benefits.

76. Because of the discrimination, Plaintiff has suffered physical and emotional harm. She has anxiety, and emotional stress. She has suffered embarrassment, humiliation and damage to hers reputation. Her confidence and self-esteem have declined.

77. Therefore, Plaintiff seeks appropriate injunctive relief, compensatory

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

damages, liquidated damages, punitive damages, attorneys' fees, and costs and disbursements in an amount to be determined by the jury and court.

## COUNT 4
### UNLAWFUL CONSPIRACY
### DEFENDANTS ROSENTHAL, HEI, BENCHMARK AND CAREY WATERMARK

78. The foregoing paragraphs are incorporated by reference.

79. One or more of the Defendants conspired with others, including but not limited to other Defendants, to deprive Plaintiff of the equal protection of the laws and/or of equal privileges and immunities under the laws.

80. Defendants unlawfully conspired to eliminate Plaintiff's position as Spa Director as pretext to effect her termination.

81. Defendants' actions alleged herein were taken in furtherance of the conspiracy.

82. As a result of the Defendants' conspiracy and the actions taken in furtherance thereof, Plaintiff has been injured in her person or property and/or deprived of having and exercising her rights and privileges as a citizen of the United States, for which she is entitled to recover damages against the Defendant conspirators under the ADEA, VFEPA and Title VII.

## JURY TRIAL

83. Plaintiff requests a trial by a jury of her peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SUSAN WHEELER seeks the following relief:

(a)   Retroactive reinstatement, with all attendant back pay, benefits and other

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

emoluments of employment;

    (b)    The sum of $750,000.00 in compensatory damages suffered because of the discrimination.

    (c)    Front pay (including pay increases) until she would have retired from service but for the Defendants' discriminatory treatment of her;

    (d)    Costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon;

    (e)    Damages for emotional distress; and,

    (f)    Punitive and other damages and further relief as deemed just.

Dated: Rutland, Vermont
       March 3, 2020

Respectfully submitted,

/s/ Joel P. Iannuzzi, Esq.
Cleary, Shahi & Aicher, P.C.
Attorneys for Plaintiff
110 Merchants Row, P.O. Box 6740
Rutland, VT 05702-6740
jpi@clearyshahi.com
802-775-8800 x214